CHARLES DAMON

v.

CHARLES H. NELSON.

VENDOR AND VENDEE.—As appellee's letter was substantially, and in fact, a declination to receive the goods back, appellant's second instruction was proper and should have been given.

APPEAL from the Circuit Court of Cass county; the Hon. CYRUS EPLER, Judge, presiding. Opinion filed October 5, 1885.

Mr. GEORGE L. WARLOW, for appellant.

Messrs. KETCHAM & GRIDLEY, for appellee.

CONGER, J. It appears from the record that on May 3, '1884, Hugh F. Reid, then in the boot and shoe business, at Virginia, Ill., gave an order to Jasper Nelson & Son, of North Grafton, Mass., for a bill of shoes to the amount of $167.50, on ninety days credit. The shoes were forwarded on this order, and received by Reid about Sept. 15, 1884, by him unpacked, placed in his store, and some of them sold to customers. Shortly afterward, Reid wrote to Nelson & Son, complaining that the shoes were not up to sample; that he thought the counters were shoddy, and the vamps cut too high, and that the goods were there subject to their order. Oct. 2, 1884, Nelson & Son answered this letter, saying to Reid that he was mistaken in supposing the shoes sold not up to sample, for they were, and that Reid's complaint was too hastily made, and was not correct. On the day this letter was written, Reid sold his entire stock of goods, including such of the shoes in question as had not been already sold, to appellant, Chas. Damon, executing to him a bill of sale and delivering possession. The goods not having been paid for, appellee's attorney in November following presented the bill and demanded pay-

ment, but nothing so far as the record discloses, was ever paid upon it. On January 30, 1885, a suit in replevin was instituted by appellee as surviving partner of Nelson & Son, against Damon, for the recovery of the goods, and by the judgment of the circuit court he recovered all the goods not already sold, from which judgment Damon appeals. Appellee bases his right of recovery upon Reid's letter notifying Nelson & Son that the goods were not up to sample, and were subject to their order, and the further fact, that Reid sold to Damon before receiving any reply from Nelson & Son. Had Nelson & Son accepted Reid's proposition in reference to rescinding the sale and taking the goods back, Reid would have been bound by his offer until an answer was received, or at least until a reasonable length of time had elasped for such an answer, and during such period would have had no right to sell the goods to any vendee having notice of his offer, as it appears Damon had. But the letter of Nelson & Son not only fails to accept Reid's proposition to return the goods, but, by a fair construction of its contents, clearly declines to do so. From the time of the reception of this letter, whatever title or right of possession previously existed in Nelson & Son was lost, and both title and right of possession vested in either Reid or his vendee. It is clear that Nelson & Son had no intention of regarding the goods as unsold, and still belonging to themselves, until Reid's ability to pay for them became doubtful. It follows from what has been said that appellant's second refused instruction was proper and should have been given. Appellee insists there was no evidence to support it, but we think Nelson & Son's letter of October 2d was substantially and in fact a declination to receive the goods back. For the errors indicated, the cause will be reversed and remanded.

Reversed and remanded.